**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.:

JESUS GONZALEZ

       Plaintiff,
vs.

SUNSHINE RESTAURANT MERGER SUB,
LLC d/b/a International House of Pancakes (IHOP) #36-30,
and WINDMILL PROPERTIES, LLC

       Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Sunshine Restaurant Merger Sub, LLC doing business as International House of Pancakes (IHOP) #36-30 and Defendant Windmill Properties, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Sunshine Restaurant Merger Sub, LLC (also referenced as "Defendant Sunshine Restaurant," "operator," "lessee" or "co-Defendant") is a foreign limited liability company authorized to transact business in Florida. On information and belief, Defendant Sunshine Restaurant is a franchise operator of the International House of Pancakes restaurant located at 285 NW 42 Avenue, Miami, Florida 33126, which is the subject of this action.

6. Defendant Windmill Properties, LLC (also referenced as "Defendant Windmill Properties," "lessor," "owner," or "co-Defendant") is the owner of Folio 01-4105-010-0010, which represents real property located at 285 NW 42 Avenue, Miami, Florida 33126 (referenced throughout as "285 NW 42 Avenue"). Defendant Windmill Properties' real property is commercial property built-out as an International House of Pancakes restaurant.

## FACTS

7. Defendant Windmill Properties leases its 285 NW 42 Avenue real property to

2

co-Defendant Sunshine Restaurant which in turn operates an International House of Pancakes franchise restaurant within that leased space.

8. At all times material hereto, Defendant Sunshine Restaurant has been operating its International House of Pancakes restaurant within Defendant Windmill Properties' real property.

9. Defendant Sunshine Restaurant's franchised International House of Pancakes restaurant specializes in breakfast food (particularly pancakes) but also serves meals for lunch and dinner as well as drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The International House of Pancakes restaurant which is the subject to this action is also referred to as "IHOP (restaurant)," "International House of Pancakes at 285 NW 42 Avenue," "restaurant," or "place of public accommodation."

10. International House of Pancakes brand restaurants are an American multinational pancake house restaurant chain that specializes in breakfast foods. There are 1,841 IHOP restaurant locations in the world including the USA, Canada, Mexico, Peru, Ecuador, Guatemala, the middle east and the subcontinent of India. The majority (99%) of IHOP restaurants are run by independent franchisees.

11. As the franchisee operator of an International House of Pancakes restaurant open to the public, Defendant Sunshine Restaurant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. As the owner of real estate which is built out as an IHOP restaurant open to the general public, Defendant Windmill Properties is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

13. Due to the close proximity of the IHOP restaurant at 285 NW 42 Avenue to Plaintiff's home, on August 14, 2021 Plaintiff went to the IHOP restaurant with the intent of dining therein.

14. On entering the IHOP restaurant, Plaintiff had difficulty perambulating to the restaurant entrance due to a dumpster which was encroaching on the designated accessible parking access aisle. Further, while Plaintiff was dining, he had occasion to visit the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

15. Due to the inaccessible restroom facilities and non-complaint parking area, Plaintiff has been denied full and equal access by the operator of the restaurant (Defendant Sunshine Restaurant) and by the owner of the commercial property housing the restaurant (Defendant Windmill Properties).

16. While Plaintiff dined at the IHOP restaurant, Plaintiff left feeling excluded, humiliated and dejected.

17. On information and belief, as a franchise operator of an IHOP restaurant, Defendant Sunshine Restaurant is well aware of the need to provide equal access to individuals with disabilities. Defendant Sunshine Restaurant's failure to reasonably accommodate individuals with disabilities at its franchised IHOP restaurant is/was willful,

malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

18. On information and belief, as an investor in commercial property, Defendant Windmill Properties is aware of the ADA and the need to provide for equal access within its 285 NW 42 Avenue commercial property. Therefore, Defendant Windmill Properties' failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

19. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of the IHOP restaurant (Defendant Sunshine Restaurant) and by the owner of the commercial property which houses the restaurant (Defendant Windmill Properties).

20. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21. Plaintiff is and has been a customer of International House of Pancakes restaurants and continues to desire to return to the International House of Pancakes restaurant at 285 NW 42 Avenue Street to dine, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the barriers to access which are in violation of the ADA.

22. Any and all requisite notice has been provided.

23. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

24. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

25. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant Sunshine Restaurant's franchised IHOP restaurant at 285 NW 42 Avenue in order to dine therein. However, Plaintiff was denied adequate accommodation because (as a disabled individual who utilizes a wheelchair for mobility) he met barriers to access when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

27. Defendant Sunshine Restaurant (operator of the restaurant) and Defendant Windmill Properties (owner of the commercial property housing the restaurant) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages

and/or accommodations at the IHOP restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the subject IHOP restaurant located at 285 NW 42 Avenue.

29. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31. The commercial space which is owned by Defendant Windmill Properties houses the subject IHOP restaurant which is operated by Defendant Sunshine Restaurant. This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Sunshine Restaurant (lessee/operator) and Defendant Windmill Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated handicapped accessible parking space

was obstructed by a dumpster which encroached across the accessible parking space access aisle. The fact that an item was encroaching over the accessible parking space access aisle has violated Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards for Accessible Design. The encroachment has also resulted in the designated parking not providing an accessible route to the restaurant, which in violation of C.F.R. Part 36, Section 4.3.2(2) which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site.".

ii. As to Defendant Sunshine Restaurant (lessee/operator) and Defendant Windmill Properties (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance, as the amount of force required to open the door requires excessive weight/force to open. This is in violation of Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards for Accessible Design. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum for interior doors (such as restroom doors).

iii. As to Defendant Sunshine Restaurant (lessee/operator) and Defendant Windmill Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to an encroaching item (which was the trash can). The violation is that the trash can is encroaching over the accessible water closet clear floor space, in

   violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

 iv. As to Defendant Sunshine Restaurant (lessee/operator) and Defendant Windmill Properties (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink without assistance, as the lavatory sink does not provide knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. The appropriate knee clearance must be at least 27 in (685 mm) high, 30 in (760 mm) wide, and 19 in (485 mm) deep underneath the sink. This failure is in violation of 28 C.F.R. Part 36, Sections 4.24.3, 4.19.2 and 4.2.4 of the ADAAG and Sections 606.2 and 305.3 of the 2010 ADA Standards for Accessible Design.

 v. As to Defendant Sunshine Restaurant (lessee/operator) and Defendant Windmill Properties (owner/lessor of the property) (jointly and severally), failure to fully wrap and maintain the lavatory pipes and water supply lines in the lavatory such that Plaintiff was exposed to a cutting/burning hazard, which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards for Accessible Design.

32. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the IHOP restaurant commercial space located at 285 NW 42 Avenue accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property owner Defendant Windmill Properties, LLC and Defendant Sunshine Restaurant Merger Sub, LLC (lessee and operator of the subject International House of Pancakes restaurant) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the International House of Pancakes restaurant at 285 NW 42 Avenue such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 30th day of August, 2021.

        Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*